UNITED STATES of America, Appellee,

v.

CERTAIN LAND IN the TOWN OF NEW LONDON, COUNTY OF NEW LONDON, STATE OF CONNECTICUT, et al., Appellants.

No. 705, Docket 73–1911.

United States Court of Appeals, Second Circuit.

Argued March 21, 1974.

Decided March 27, 1974.

Attilio M. Russo, pro se.

Larry G. Gutterridge, Atty., Dept. of Justice, Washington, D. C. (Wallace H. Johnson, Asst. Atty. Gen., Edmund B. Clark and David A. Clarke, Jr., Attys., Stewart H. Jones, U. S. Atty., for the District of Connecticut, Henry S. Cohn, Asst. U. S. Atty., on the brief), for appellee.

Before MOORE, FEINBERG and MULLIGAN, Circuit Judges.

PER CURIAM:

This is an appeal by Attilio M. Russo and Margaret Russo, the former owners of certain property in New London, Connecticut, taken in 1969 by the Government for the expansion of the United States Coast Guard Academy. After a thorough condemnation trial in the United States District Court for the District of Connecticut before Chief Judge M. Joseph Blumenfeld, appellants were awarded $111,000 as the fair market value of their property on the date of taking. Appellants argue, however, that this determination was incorrect, that the court committed a number of errors, and that the proper value was at least $205,000. We would ordinarily merely affirm on the clear opinion of the district court, since we have considered these and other points raised by appellants and for the most part find them without merit. Our hesitation relates only to an argument not discussed in the district court opinion, probably because it was not clearly raised in the trial court: appellants' allegation that they were twice required, in effect, to pay city tax bills totaling $3,035.30. We are not satisfied with the Government's casual response to this claim, but we are also unsure of the pertinent facts and the identity of the proper parties to this collateral controversy.

Accordingly, the judgment of the district court is affirmed. The Government is directed to bring the facts as to the tax payments to the attention of the district court, which we assume will examine into the matter and, if appellants are correct, attempt to devise proper relief.